## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## ELKINS

**NETTIE ARBOGAST and**
**SHERMAN ARBOGAST,**

    Plaintiffs,

v.                                               Civil Action No. 2:09-cv-49
                                               (BAILEY)

**WELLS FARGO AUTO FINANCE, INC.,**

    Defendant.

## ORDER GRANTING DEFENDANT WELLS FARGO BANK N.A.'S MOTION FOR SUMMARY JUDGMENT

### I. Introduction

On this day, the above-styled matter came before the Court upon consideration of Defendant Wells Fargo Bank N.A.'s Motion for Summary Judgment [Doc. 17] filed September 30, 2009. The plaintiffs have failed to respond. This Court, after reviewing the above, is of the opinion that the Motion for Summary Judgment should be, and is, hereby **ORDERED GRANTED**.

### II. Statements of Facts and Procedural History

In their Complaint, the plaintiffs allege that they entered into a Motor Vehicle Purchase Agreement and Retail Installment Contract (the "Contract") with Tygart Valley Chevrolet Cadillac Subaru, Inc. (the "Dealership") on or about September 26, 2008, wherein Plaintiffs financed the purchase of a used 2005 Toyota Corolla. As a part of the

1

Contract, the Dealership was to satisfy a note secured by a lien against the Plaintiffs' trade-in (the "Toyota Note"), but the Dealership failed to satisfy that debt, and Plaintiffs allege that they remain obligated on the Toyota Note; however, the Toyota Note was discharged in bankruptcy. The Dealership allegedly converted these funds, failed to timely transfer legal title to the 2005 Toyota Corolla, and failed to timely and properly pay various third-party taxes and fees constitutes. The Contract from the Dealership was subsequently assigned to Defendant Wells Fargo.

On or about March 3, 2009, Plaintiffs commenced a civil action against Wells Fargo in the Circuit Court of Randolph County, styled ***Nettie Arbogast and Sherman Arbogast v. Wells Fargo Auto Finance, Inc.***, Civil Action No. 09-C-55, which was removed to this Court by Wells Fargo. See Doc. 3.

Based on the purchase of the Toyota and subsequent events relating to the purchase, Plaintiffs' Complaint asserts claims for (1) assignee liability for certain breach of contract allegations and (2) alleged, unspecified violations of the West Virginia Consumer Credit and Protection Act committed by the Dealership relating to the Contract between the Dealership and Plaintiffs. All of the claims asserted against Wells Fargo are based upon this assignment of the Contract and Wells Fargo's alleged assignee liability for Plaintiffs' claims.

On April 7, 2009, after the filing of this action, Plaintiffs filed a petition for voluntary relief under Chapter 7 of the United States Bankruptcy Code. Along with their petition, Plaintiffs filed the required schedules and statements. Schedule D filed by Plaintiffs recognizes Wells Fargo as having a valid, undisputed claim in the amount of $14,616.32,

secured by Plaintiffs' 2005 Toyota Corolla. Plaintiffs' bankruptcy pleadings neither refer to a dispute concerning this debt nor indicate that Plaintiffs had asserted claims against Wells Fargo. In addition, nowhere on their schedules did Plaintiffs list this pending litigation against Wells Fargo, despite being required to list "all suits and administrative proceedings to which [Plaintiffs were] part[ies] within one year immediately preceding the filing of [their] bankruptcy case" on their Statement of Financial Affairs.

On May 28, 2009, Plaintiffs and their bankruptcy attorney executed the Reaffirmation Agreement relating to the lien at issue in this litigation, which was filed with the Court on June 9, 2009. Plaintiffs were granted a standard discharge on July 14, 2009, and their bankruptcy case was closed.

### III. Summary Judgment Standard

Rule 56(e) of the Federal Rules of Civil Procedure provides that "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must– by affidavits or as otherwise provided in this rule– set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

Rule 56 further provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue exists "if the evidence is

---

[1] FED. R. CIV. P. 56(c); see **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986).

such that a reasonable jury could return a verdict for the non-moving party."[2]  Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[3]

Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts."[4]  That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial.[5]  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[6]

## IV.  Discussion

It must be noted at the outset that the plaintiffs have filed no response to the defendant's Motion for Summary Judgment.  Additionally, all filing deadlines (with the exception of the joint pretrial order), have expired and the trial date is on the horizon; yet, Plaintiffs have failed to submit a single document in nearly four months.  In fact, the

---

[2] ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 250 (1986).

[3] ***Anderson***, 477 U.S. at 250.

[4] ***Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586 (1986).

[5] Fed. R. Civ. P. 56(c); ***Celotex Corp.***, 477 U.S. at 323-25; ***Anderson***, 477 U.S. at 248.

[6] ***Anderson***, 477 U.S. at 249 (citations omitted).

plaintiffs' only filings since their Complaint are their Rule 26(a)(1)-(2) Disclosures. See Docs. 13-14.

Defendant Wells Fargo contends that it is entitled to summary judgment based on principles of standing, judicial estoppel and absence of recoverable damages. Furthermore, the plaintiffs have failed to litigate their case. Therefore, the plaintiff cannot surpass the threshold inquiries demanded by Rule 56. This Court agrees. Accordingly, it is the opinion of this Court that Defendant Wells Fargo Bank N.A.'s Motion for Summary Judgment **[Doc. 17]** should be, and is, hereby **GRANTED**.

The defendant raises several unopposed, meritorious grounds under which this Court should grant its motion. First, the defendant asks this Court to grant summary judgment on the grounds that Plaintiffs, with the advise of counsel, entered into a binding and enforceable reaffirmation agreement during their bankruptcy that affirmatively and explicitly validated the debt they now seek to invalidate in this action. Simply stated, as part of the reaffirmation agreement, the plaintiffs were permitted to retain possession of their 2005 Toyota in their Chapter 7 bankruptcy proceeding.

A reaffirmation agreement constitutes a new contract between the debtor and the creditor that renegotiates or reaffirms the original debt. 31 Williston on Contracts 78:24 (4th ed. 2009). A reaffirmation agreement is a voluntary agreement a debtor may make with a creditor to reassume the *in personam* liability of an otherwise dischargeable debt. ***Sears, Roebuck & Co. v. Spivey***, 265 B.R. 357, 366 (E.D.N.Y. 2001). As such, the plaintiffs still owe on the Contract.

In their Complaint, the plaintiffs assert they suffered loss of use of their vehicles.

The plaintiffs, however, fail to establish any more than that which they allege in their Complaint– nothing more than a blind, self-serving statement. This Court only notes that the Toyota remains in the plaintiffs' possession; therefore, this Court finds no loss of use.

Next, the defendant asks this Court to grant summary judgment on the grounds that any claims the plaintiffs had relating to the Contract were a pre-petition asset and, as an asset of the estate, Plaintiffs lack standing to pursue those claims without express authorization from the bankruptcy trustee.

This civil action, although not listed in the bankruptcy schedules, was a part of Plaintiffs' bankruptcy estate because the plaintiffs fail to show either of the ways this property of the estate could have effectively been returned to them; that is, the bankruptcy trustee did not abandon the causes of action after notice and hearing, and the causes of action were not abandoned by operation of law because they were not scheduled by the plaintiffs. *See* 11 U.S.C. §§ 554(a) and 554(b); **Davis**, 158 B.R. at 1002; *see also* 11 U.S.C. § 554(c); **Stanley v. Sherwin-Williams Co.**, 156 B.R. 25, 26 (W.D. Va. 1993); *see also* **In re Capozzi**, 229 B.R. 250, 251 (Bankr. S.D. Fla. 1999) ("The law is clear that property cannot be abandoned by operation of [11 U.S.C. § 554(c)] unless the debtor formally lists the property in his schedules." (citations omitted)).

Therefore, pursuant to 11 U.S.C. § 554(d), and by operation of law, the claims remain property of the bankruptcy estate. 11 U.S.0 §554(d). Therefore, it is the bankruptcy trustee, as the property party in interest, and not the plaintiffs, who has standing to prosecute the claims asserted herein. **Tyler House Apts., Ltd. v. United States**, 38 Fed. Cl. 1, *6 (finding the trustees were the only entities that had a right to assert an

unscheduled cause of action); see also **Pace v. Battley**, 146 B.R. 562, 564 (BAP 9th Cir. 1992) (holding debtor could not pursue malpractice claim because it was an unscheduled asset of the estate that was not abandoned to the debtor); **Kunica v. St. Jean Financial, Inc.**, 233 B.R. 46 (Bankr. S.D.N.Y. 1999) (finding that an assignee of debtor lacked standing to assert undisclosed claims in assignor's bankruptcy and was also judicially estopped from asserting such claims). As such, summary judgment is appropriate.

Next, the defendant asks this Court to grant summary judgment on the ground that any damages Plaintiffs might have claimed as a result of the conduct at issue no longer exist. The first actual damage Plaintiffs point to in their Complaint is that they remain obligated on the Toyota Note; however, as a result of Plaintiffs' bankruptcy, this damage was discharged and no longer exists.

Plaintiffs next complain that they suffered loss of the use of their vehicles. Plaintiffs retained possession of their 2005 Toyota Corolla in bankruptcy and reaffirmed the debt with Wells Fargo. Plaintiffs have simply made no showing by affidavit or otherwise that they have suffered any loss of use of a vehicle.

Plaintiffs also assert damage to their ability to obtain credit; however, any damage to Plaintiffs' ability to obtain credit stems not from any action by Wells Fargo, but rather from their own filing of Chapter 7 bankruptcy protection. Credit reports will reflect the bankruptcy for up to ten years, whereas negative credit complaints only survive up to seven years. As such, this Court finds no distinguishable damage to Plaintiffs' ability to obtain credit that did not exist as a direct result of the bankruptcy itself. Plaintiffs also assert that they have suffered or will suffer from negative reports to credit agencies. Again, Plaintiffs'

7

credit reports as to the Toyota Note will show, if anything, that the note was discharged in bankruptcy.

Plaintiffs next assert that they have suffered annoyance, inconvenience and mental anguish. Similar to the above analysis, Plaintiffs cannot prove these damages and they are indistinguishable from the mental anguish they may have suffered due to filing bankruptcy. Financial woes, while a tough pill to swallow, are often caused by the very people experiencing them. While this Court does not know the circumstances which led to their ultimate bankruptcy and is likewise sympathetic to the same, this Court does not exist to concern itself in such matters, but rather to follow the applicable law.

Finally, Plaintiffs assert that they have incurred attorney's fees and costs. Again, the right to prosecute this action did not belong to Plaintiffs, but rather the trustee due to their bankruptcy filing. It follows that because the trustee had the only right to retain counsel and authorize fees– and he did not– there exists no legal claim for attorney's fees.

The defendant's final ground upon which it seeks summary judgment is that the plaintiffs' claims are barred by the doctrine of judicial estoppel because they failed to disclose the claims against Wells Fargo to the bankruptcy court and failed to litigate those claims within their bankruptcy case. There exists no response to this question, as the plaintiffs have not provided one, and this Court will not undertake guesswork to determine under what circumstances the plaintiffs failed to schedule in their bankruptcy proceedings. This Court simply finds that it was not made a part of the bankruptcy proceeding and that these set of facts satisfy the elements of judicial estoppel. Further, the purpose of this doctrine is met; that is, the integrity of the judicial process will best be served by granting summary judgment in favor of the defendant. See **In re Coastal Plains, Inc.**, 179 F.3d

197, 205 (5th Cir. 1998).

## V. Conclusion

Based on the reasons stated above, this Court finds it appropriate pursuant to Rule 56(c) and (e) to grant this unopposed motion. Therefore, it is the opinion of this Court that Defendant Wells Fargo N.A.'s Motion for Summary Judgment **[Doc. 17]** should be, and is, hereby **GRANTED**. Accordingly, this action is hereby **DISMISSED** and **ORDERED STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** October 21, 2009.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE